IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.  3:03cr101/LAC
3:04cv458/LAC/MD

MARCO TOMAS MENDEZ, SR.

**REPORT AND RECOMMENDATION**

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 159 & 160). The government has filed a response (doc. 167) and the defendant has filed a reply (doc. 172). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendant was charged in a two count indictment with conspiracy to distribute five or more kilograms of cocaine and possession with intent to distribute in excess of 500 grams of cocaine. He pleaded guilty pursuant to a plea and cooperation agreement on September 29, 2003, and on December 29, 2003 he was sentenced to a term of 109 months imprisonment and four years of supervised release. (Doc. 122). Although the minimum mandatory sentence was not applicable because less than five kilograms of cocaine were attributed to defendant for sentencing purposes, his sentence was adjusted

under § 2D1.1 of the sentencing guidelines for his possession of a dangerous weapon, and under § 3B1.1(b) for his role in the offense. Defendant did not appeal.

In the instant motion, defendant raises two grounds for relief. He contends, relying on *Blakely v. Washington*[1] and *United States v. Booker*[2] that his sentence violates the Sixth Amendment to the Constitution, and that his prison designation two regions away from his home state violates his constitutional rights.

## II. LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). As recently explained by the Eleventh Circuit, "[r]elief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v.*

---

[1] *Blakely v. Washington*, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).

[2] *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005).

Case No: 3:03cr101/LAC; 3:04cv458/LAC/MD

*Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

A. <u>Sentencing Claim</u>

In defendant's first claim for relief, he maintains that his sentence violated the Fifth and Sixth amendments of the United States Constitution because his sentence was based on guidelines determinations that were not submitted to a jury and found beyond a reasonable doubt.

In the seminal case of *Apprendi v. New Jersey*,[3] the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  *See also Ring v. Arizona*, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002) (concluding under *Apprendi* that "[c]apital defendants . . . are entitled to a jury determination of any fact on which the legislature conditions an increase in their maximum punishment.").  Since *Apprendi* was decided, the Supreme Court has decided two cases that relate to federal sentencing, *Blakely v. Washington*,[4] which was decided before defendant submitted his § 2255 motion and upon which he relies, and *United States v. Booker,*[5] which was decided afterwards, but which is  applicable to his claim.

As clarified in *Blakely*:

the "statutory maximum" for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.  See Ring, supra*, 536 U.S. at 602, 122 S.Ct. at 2428 ("'the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" (*quoting Apprendi, supra*, 503 U.S. at 483, 120 S.Ct. at 2348)) . . . .  In other words, the relevant "statutory maximum"

---

[3] ***Apprendi v. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000).*

[4] ***Blakely v. Washington**, ____ U.S. ____, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).*

[5] ***United States v. Booker,** 125 S.Ct. 738, 2005 WL 50108 (2005).*

>is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings.

124 S.Ct. at 2537-38 (emphasis in original, some citations omitted); *see also In re Dean*, 375 F.3d 1287, 1290 (11th Cir. 2004) (quoting *Blakely*).

In *United States v. Booker,* 125 S.Ct. 738, 2005 WL 50108 (2005), the Supreme Court extended its holding in *Blakely* to the Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial.  This does not mean, however, that *Booker* can be applied to cases in which the conviction is final, a fact which is crucial to the court's consideration of the instant motion.  Both language within *Booker*, discussed *infra*, and Supreme Court precedent indicate otherwise.

In *Duncan v. Louisiana*, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968) the Supreme Court held that the Sixth Amendment's guarantee of the right to a jury trial applied to the states.  In *DeStephano v. Woods*, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968) the Court held that *Duncan* would not be given retroactive application - that it applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack.  The Court reasoned that the right to a jury trial was fundamental to our system of justice, but that a trial without a jury would not necessarily result in an inaccurate verdict.  Therefore, it would not be necessary to grant a new trial to every person convicted without a jury.

In *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002) the Supreme Court held that only a jury, not a judge, could make findings on the aggravating factors necessary to invoke the death penalty.  In *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004) the Court held that *Ring* applied only to those cases that were not final at the time it was decided, and that it did not apply to cases on collateral attack.  The Court reasoned that the rule announced in *Ring* was a procedural rule, not a substantive one, because it did not define an element of a crime.  Rather, it determined the manner in which fact finding is done.  The *Schriro* Court relied on *DeStephano*, *supra*, noting that "[i]f . . . a trial held entirely without a jury was not impermissibly inaccurate, it is

hard to see how a trial in which a judge finds only aggravating factors could be." 124 S.Ct. at 2526.

This is instructive on the application of *Booker*. The *Booker* Court expressly noted that its holding was to be applied retroactively to "all cases ... pending on direct review or not yet final." *Booker* at *29. It did not announce that the new rule would apply retroactively for cases on collateral attack, such as this one. This reasoning necessarily follows from *DeStephano* and *Schriro*. In those cases the Court held that it was not impermissibly inaccurate to conduct a criminal trial entirely without a jury, or for a judge alone to find aggravating factors necessary to trigger a death sentence. Based on those holdings, it is difficult to conclude that a hearing in which a judge finds only aggravating factors that result in an increased sentence could be impermissibly inaccurate. See *Schriro,* 124 S.Ct. at 2526.

Moreover, the *Booker* Court cited prior precedent with approval, stating that "[T]he constitutional safeguards that figure in our analysis concern not the identity of the elements defining criminal liability but only the required procedures for finding the facts that determine the maximum permissible punishment." *Booker,* 2005 WL 50108 at *14 (citations omitted). The significance of this is that unlike substantive rules, new rules of procedure generally are not retroactive. *Schriro v. Summerlin*, __ U.S. __, 124 S.Ct. 2519, 2523, 2526, 159 L.Ed.2d 442 (2004) ("[I]t does not follow that, when a criminal defendant has had a full trial and one round of appeals in which the [prosecution] faithfully applied the Constitution as we understood it at the time, he may nevertheless continue to litigate his claims indefinitely in hopes that we will one day have a change of heart.").

Finally, the Eleventh Circuit has concluded that neither *Booker* nor *Blakely* applies retroactively to cases on collateral review. *Varela v. United States*, ___ F.3d ___, 2005 WL 367095 (11th Cir. 2005); see also *In re Anderson*, ___ F.3d ___, 2005 WL 123923 (11th Cir. 2005) (holding that only the Supreme Court can make a new rule retroactive on collateral review, and that it must do so explicitly). Since neither *Blakely* nor *Booker*'s effect on sentencing guidelines cases is retroactive on collateral review, it is not applicable to this § 2255 motion, and defendant is not entitled to relief on this ground.

*Case No: 3:03cr101/LAC; 3:04cv458/LAC/MD*

B. <u>Facility designation claim</u>

Defendant states that after sentencing, he was designated by the Bureau of Prisons to FCI Fort Dix, in Fort Dix, New Jersey, a facility which is "two regions out of his home state." He contends that he should have been designated to the Southeast Region. Defendant concedes that pursuant to 18 U.S.C. § 3625, the BOP designation decision is exempt from judicial review for an abuse of discretion under the Administrative Procedures Act, but nonetheless urges the court to recommend a designation in the Southeast region.

Although in describing this claim for relief, defendant states that the designation violates his constitutional rights, his argument contains no reference to a constitutional provision that allegedly has been violated. Clearly, his designation has nothing to do with the validity of his sentence. A challenge to the continuation of an initially valid confinement or the manner in which a sentence is executed is properly filed pursuant to 28 U.S.C. §2241. See *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). It does not fall within any of the grounds for collateral attack enumerated above. Therefore, this claim is not cognizable under § 28 U.S.C. § 2255, and he is not entitled to relief.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 159) be DENIED.

At Pensacola, Florida, this 18th day of April, 2005.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Page 7 of 7*

## **NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:03cr101/LAC; 3:04cv458/LAC/MD*